48 So.2d 534

### DOTSON v. STATE.

6 Div. 10.

Court of Appeals of Alabama.
May 23, 1950.

Rehearing Denied June 6, 1950.

Morel Montgoery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the Jefferson County Court of Misdemeanors, and was based upon a complaint and affidavit wherein the defendant was charged with the offense of violating the State prohibition laws, in that, she had in her possession illegally one gallon untaxpaid whiskey, etc. In said court the defendant was convicted as charged and the court assessed a fine against her of two hundred and fifty dollars, and also sentenced her to serve 90 days at hard labor for the county as additional punishment. From this judgment of conviction she appealed to the circuit court and was there tried, before a jury, upon a complaint filed by the Solicitor. Said complaint, omitting its formal parts, reads as follows: "The State of Alabama, by its Solicitor, complains of Stiner Dotson that, within twelve months before the commencement of this prosecution, she did have in her possession illegally one gallon of untaxpaid whiskey, against the peace and dignity of the State of Alabama."

The defendant interposed demurrer to the Solicitor's complaint and assigned the following grounds:

"Comes the defendant and demurs to said Complaint and says

"1st. Said Complaint charges no offense.

"2nd. Said Complaint is not sworn to by the Solicitor, nor is an affidavit attached thereto.

"3rd. For that the allegation 'she did have in her possession illegally one gallon of untaxpaid whiskey,' is merely a conclu-

sion of the pleader for that same does not aver to whom taxes should have been paid.

"4th. For that from aught that appears defendant is placed upon trial for her failure to pay taxes in violation of a statute of Alabama.

"5th. For that said solicitor Complaint from aught that appears does not attempt to place the same defendant upon trial de novo, who ever originally tried in the Jefferson County Court of Misdemeanors in that said complaint charges an offense against a different person than the person named in said original affidavit.

"6th. For that said complaint fails to aver or set out what law or section of the Code of Alabama has been violated by defendant, other than by conclusion of the complaint."

The trial court overruled the demurrer and appellant insists the court erred in so doing. This insistence cannot be sustained. The complaint filed by the Solicitor was sufficient to fully advise the accused, or any person of common understanding, what was intended, and also the nature and cause of the accusation against him.

Title 29, Section 98, provides: "It shall be unlawful for any person, firm, or corporation or association within this state to sell, offer for sale, keep or have in possession, barter, exchange or to give away, furnish at a public place or elsewhere, or otherwise dispose of the prohibited liquors and beverages described in this chapter, or any of them, in any quantity, except as hereinafter provided; or to accept the delivery of, or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by the laws of the State of Alabama, in any quantity whatsoever."

Witness C. A. Brown for the State testified that as an Enforcement Agent for the Alabama Alcoholic Beverage Control Board he, accompanied by Officers Romine and Mosley, raided the establishment of the defendant. The premises of the defendant consisted of one-half of a duplex; that part of the duplex which was under the defendant's control consisted of a front room in which she operated a cafe, a middle room which she used as her bedroom and a back room which was used as a toilet, and that the defendant was present when the search of her establishment was made.

The evidence disclosed without dispute that the searching officers found, "two half pints of whiskey in a washstand,—it was a home-made washstand built and attached to the wall, and it was enclosed. One of the planks in the washstand raised up and you could reach inside, and there was two half pints of moonshine untaxpaid whiskey hidden in the washstand." "And in the bedroom there was two pints of untaxpaid whiskey concealed in the radio." "We also found five pints untaxpaid whiskey concealed in the dining room table in the front room. This table had been lined from the bottom, and a board on the side, and by moving a nail here and moving a nail here you could reach inside; and there was five pints of untaxpaid whiskey in that trap."

The defendant testified in her own behalf and admitted that she alone had the establishment rented, and lived in it by herself. That she had no roomers, and the telephone to the place was listed in her name. She testified that she did not own the whiskey found by the officers in her establishment. She did not state whether or not she was in possession of the whiskey.

The defendant, as stated, was charged in the complaint that she did have in her possession illegally untaxpaid whiskey. The evidence tended to show that in her establishment and in her presence, upon the occasion in question, the officers found a quantity of untaxpaid liquor hidden or secreted within defendant's establishment.

The evidence adduced upon the trial presented a jury question, the court therefore was without authority to direct a verdict in her favor.

Pending the trial a number of objections were interposed and likewise a number of exceptions were reserved. Each of these insistences has been considered by this court. Some of these insistences appear trivial, and in no instance do we find any error of the court calculated to injuriously

affect the substantial rights of the defendant.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.